IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESAHUT MARTINEZ CARRALES,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in their official capacity as Attorney General; KRISTI NOEM, in their official capacity as Secretary of U.S. Department of Homeland Security; TODD M. LYONS, in their official capacity as Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, Immigration and Customs Enforcement; and CAROLYN SOMMER, in their official capacity as Acting Warden of McCook Detention Center;<br><br>Respondents. | 4:26CV3066<br><br>**ORDER TO SHOW CAUSE** |

    This matter is before the Court on Petitioner Esahut Martinez Carrales' (Martinez Carrales) Verified Petition for Writ of Habeas Corpus. (Filing No. 1).

    Martinez Carrales is a Mexican citizen who has lived in the United States for over fifteen years. (Filing No. 1 at 4). In January 2026, U.S. Immigration and Customs Enforcement (ICE) arrested him during Operation Metro Surge (Filing No. 1 at 5) and initiated removal proceedings against him the same day. (Filing No. 1-2). Martinez Carrales was transferred to the Cass County Jail in Plattsmouth, Nebraska following his arrest and remains in custody at the McCook Detention Center in McCook, Nebraska. (Filing No. 1 at 6).

Martinez Carrales alleges his detention is unlawful in that Respondents have "wrongly assert[ed] 8 U.S.C. 1225(b)(2) as a basis for detaining [him] without a hearing, when instead any detention could only be pursuant to 8 U.S.C. 1226(a)[.]" (Filing No. 1 at 8). He seeks immediate release, or alternatively, an order directing Respondents to provide him with a bond hearing within seven days, among other relief. (Filing No. 1 at 13, 17). The habeas statute provides that a court must grant the petition for a writ or order Respondents to "show cause why the writ should not be granted unless it appears from the application that [Martinez Carrales] is not entitled" to relief. 28 U.S.C. § 2243. The order to show cause must be "directed to the person having custody of [Martinez Carrales]." *Id.* The order must "be returned within three days" unless "good cause for additional time, not to exceed twenty days, is allowed." *Id.* Moreover, the person to whom the order is directed "shall make a return certifying the true cause of [Martinez Carrales'] detention." *Id.*

The Court cannot say from the face of the petition that Martinez Carrales is not entitled to relief. Accordingly, the Court orders Martinez Carrales to serve his petition and a copy of this Order on Respondents and file proof of service with the Court. Respondents shall then show cause why the writ should not be granted. After Martinez Carrales replies, the Court will set a hearing on the matter. The Court finds the need to serve Respondents and the complexity of the legal issues constitute good cause for the briefing schedule to the extent it allows a response beyond the three days ordinarily allowed under 28 U.S.C. § 2243.

Further, the Court finds cause to preserve the status quo and the Court's jurisdiction by ordering that Martinez Carrales may not be removed from the United States or the District of Nebraska until further order of this Court. *See* 28 U.S.C. § 1651; *A.A.R.P. v. Trump*, 145 S. Ct. 1364, 1368 (2025) ("grant[ing] temporary injunctive relief" against removal "to preserve our jurisdiction" while adjudicating the merits). Accordingly,

**IT IS ORDERED:**
1. Petitioner Esahut Martinez Carrales shall serve his Verified Petition for Writ of Habeas Corpus (Filing No. 1) and a copy of this order on Respondents as soon as is practicable, and file proof of such service with the Court.

2. Respondents shall, within three business days of being served, make a return certifying the true cause of Petitioner's detention and showing cause why the writ should not be granted.
3. Petitioner shall reply in support of his petition within three business days of the Respondents' return.
4. The Court will then set a prompt hearing on this matter.
5. Respondents shall not remove Petitioner from the United States or the District of Nebraska until further order of the Court.

Dated this 26th day of February, 2026.

BY THE COURT:

*Susan M Bazis*
Susan M. Bazis
United States District Judge