IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESAHUT MARTINEZ CARRALES,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in their official capacity as Attorney General; KRISTI NOEM, in their official capacity as Secretary of U.S. Department of Homeland Security; TODD M. LYONS, in their official capacity as Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as Acting St. Paul Field Office Director for Enforcement and Removal Operations, Immigration and Customs Enforcement; and CAROLYN SOMMER, in their official capacity as Acting Warden of McCook Detention Center;<br><br>Respondents. | 4:26CV3066<br><br>ORDER |

  This matter is before the Court on its own motion. Upon filing his petition, Esahut Martinez Carrales noted this case as related to another case in this court, 4:26-cv-03055. This Court was assigned to 4:26-cv-03055, so the clerk "assigned[ed] it to the district judge who handled" that case. NEGenR 1.4(a)(4)(B).

  After reviewing Martinez Carrales' petition, the Court questioned whether the two cases are related under NEGenR 1.4(a)(4)(C)(iii) ("Open or closed civil cases are related when they involve some or all of the same issues of fact, arise out of the same transaction, or involve the validity or infringement of the same patent."). The Court directed Martinez Carrales to show cause

why this case is related to 4:26-cv-03055 (Filing No. 4), and Martinez Carrales timely filed his "Statement of Relatedness." (Filing No. 5).

The Court is unpersuaded that the two cases "involve some or all of the same issues of fact" or "arise out of the same transaction." NEGenR 1.4(a)(4)(C)(iii). For his part, Petitioner concedes that "the specific details of his initial arrest and the initial arrest of Petitioner in 4:26-cv-03055 differ[.]" (Filing No. 5 at 2). His remaining arguments, in this Court's view, fall short of showing that the two cases are related as that term is defined by NEGenR 1.4(a)(4)(C)(iii). The Court therefore concludes that this case should be randomly assigned to new judges. Accordingly,

**IT IS ORDERED:**

1. This case is referred to the Chief Judge for reassignment pursuant to NEGenR 1.4(a)(4)(B)(ii).

Dated this 4th day of March, 2026.

BY THE COURT:

_Susan M. Bazis_
Susan M. Bazis
United States District Judge