IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ESAHUT MARTINEZ CARRALES,<br><br>Petitioner,<br><br>vs.<br><br>PAMELA BONDI, in their official capacity as Attorney General, et al.,<br><br>Respondents. | 4:26-CV-3066<br><br>AMENDED ORDER TO SHOW CAUSE |

The petitioner seeks immediate release from U.S. Immigration and Customs Enforcement custody in the McCook Detention Center in McCook, Nebraska. Filing 1. Pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Proceedings for the United States District Courts,[1]

IT IS ORDERED:

1.   The Clerk of the Court shall, before docketing this order, add Justin J. Hall of the Nebraska Attorney General's Office as counsel for Carolyn Summer in their official capacity as Acting Warden of McCook Detention Center, and Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for all other

---

[1] Rule 1(b) of the Rules Governing Section 2254 Proceedings for the United States District Courts permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

respondents, and shall after doing so regenerate the filing for the petition.

2.    The respondents shall, on or before **March 9, 2026**, make a return certifying the true cause and proper duration of the petitioner's detention and showing cause why the writ should not be granted.

3.    The respondents' answer must include:

    a.  Such affidavits and exhibits as are necessary to establish the lawfulness of the petitioner's detention in light of the issues raised in the petition;

    b.  A reasoned memorandum of law and fact explaining the respondents' legal position on the petitioner's claims;

    c.  The government's position on whether an evidentiary hearing should be conducted; and

    d.  Whether petitioner was arrested pursuant to a warrant and, if so, a copy of that warrant.

4.    The petitioner may reply in support of the petition on or before March 11, 2026.

5.    The respondents are enjoined from removing the petitioner from the United States and from the District of Nebraska until further order of the Court.

6.    If the petitioner has already been removed from Nebraska, the respondents are ordered to immediately return the petitioner to Nebraska.

Dated this 4th day of March, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge